UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. JOHNSON JR.,<br><br>Plaintiff,<br><br>v.<br><br>SOLANO COUNTY SHERRIFF, et al.,<br><br>Defendants. | No. 2:22–cv–02061–DAD–CKD PS<br><br>ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pleadings by self-represented litigants are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Complaint**

Plaintiff's complaint alleges Eighth Amendment excessive force violations against officers at the Stanton Correction Facility in Fairfield, California. (ECF No. 1 at 4.) Plaintiff names four defendants in this action: (1) "Solano County Sherriffs," (2) Officer Cynthia Hill, (3) Officer Adrian Torres, and (4) Officer Marc Avecilla. (Id. at 2-3.) Plaintiff alleges that while he was handcuffed at the facility, he was beaten with a nightstick (by Officer Hill), spit on and beaten (by Officer Torres), and uppercut multiple times (by Officer Avecilla). (Id. at 7.) Plaintiff

sustained bruises to his lower torso, legs, and back. (Id.) Plaintiff alleges that he was deprived of medical treatment. (Id.) Plaintiff does not indicate whether he was being held as a pre-trial detainee or whether he was serving a criminal sentence during the time of the alleged events.

Plaintiff seeks $150,000 in monetary damages for psychological counseling, lost wages, emotional distress, and pain and suffering. (Id). Plaintiff brings this suit against each of the defendants in an "official capacity." (Id. at 2-3.)

**Analysis**

1. Damages are unavailable in actions brought against government officials in their "official capacity."

Plaintiff's complaint fails to state a claim because damages are not available in actions brought against government officials in their "official capacity." The Eleventh Amendment bars damages actions against government officials in their official capacity. See e.g., Flint v. Dennison, 488 F.3d 816, 824–25 (9th Cir. 2007). In contrast, damages actions against government officials in an "individual" or "personal" capacity are not barred. Here, plaintiff seeks damages through this lawsuit, yet expressly indicates that the claims against the named officers are brought in an "official capacity." (Id. at 5 (stating that plaintiff seeks $150,000 for "psychological counseling, lost wages, emotional distress, pain and suffering"), 2-3 (plaintiff checked the "official capacity" box under each of the four named defendants)). Ordinarily, in the absence of any express indication that plaintiff seeks to bring an "official capacity" suit, the court would be inclined to construe this damages action as an "individual capacity" suit. See Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016) (stating that in situations where a pro se plaintiff's complaint against a state official seeks damages but fails to select whether the action is an "individual" or "official" capacity suit, the court may presume personal-capacity because an official-capacity suit for damages would be barred). However, because plaintiff expressly indicates that he is bringing an "official capacity" suit, plaintiff's action cannot be construed as an "individual capacity" suit without further amendment.

Accordingly, the court dismisses plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In light of plaintiff's pro se status, the court

3

finds it appropriate to grant plaintiff an opportunity to amend the complaint and informs plaintiff of the additional deficiencies that should be addressed in any amended complaint.  See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).

 2. Excessive force claim

Plaintiff's complaint alleges Eighth Amendment excessive force violations.  42 U.S.C. § 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage."  Gomez v. Toledo, 446 U.S. 635, 639 (1980).  To state a claim for relief under § 1983, a plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates. Cruel and unusual punishment has been defined as "the unnecessary and wanton infliction of pain."  Whitley v. Albers, 475 U.S. 312, 319 (1986).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillan, 503 U.S. 1, 7 (1992).  The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (1992) (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Id. 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. Whitley, 475 U.S. at 327.

Here, plaintiff alleges physical harm by multiple officers.  Officer Hill beat plaintiff with a

4

nightstick, Officer Torres spit on him, and Officer Avecilla upper-cut him multiple times, resulting in bruises to his lower torso, legs, and back. (ECF No. 1 at 7.) Plaintiff was in handcuffs during at least some of the alleged violations. (Id.) The complaint does not contain any information about the context in which the alleged violation occurred. (Id.)

Importantly, plaintiff does not allege whether he was a pretrial detainee or a convicted inmate at the time of the events alleged in his complaint. Plaintiff's custody status affects the constitutional provision under which his claims arise: a pretrial detainee's claims about conditions of confinement arise under the Fourteenth Amendment's Due Process Clause, while a convict's claims arise under the Eighth Amendment's Cruel and Unusual Punishment Clause. In any amended complaint plaintiff should clarify whether he was a pretrial detainee or a convicted inmate at the time of the use of force.

3. Deprivation of medical treatment claim

To state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Here, plaintiff alleges that he was deprived of medical treatment but does not link the alleged deprivation to any affirmative act or omission by any named defendant. (ECF No. 1 at 5.) Therefore, plaintiff does not meet pleading standard for alleging a § 1983 violation based on deprivation of medical treatment.

4. "Solano County Sherriffs" is not a proper defendant.

Finally, the court takes the opportunity to inform plaintiff that the Solano County Sherriff's department is not a proper defendant because a sheriff's department is not a "person"

5

within the meaning of § 1983.  Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a *person* acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez, 446 U.S. at 639 (emphasis added).  But the term "persons" encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities for purposes of § 1983 action.  See Vance v. Cnty. of Santa Clara, 928 F. Supp. 993 (N.D. Cal. 1996).  The term "persons" does not encompass municipal departments.  As noted in Vance, "[t]he County is a proper defendant in a § 1983 claim, an agency of the County is not").

Although there is split authority on this subject, the undersigned continues to hold that a California sheriff's department or police department is not a "person" under § 1983 and therefore not a proper defendant for § 1983 claims.  See Gunn v. Stanton Corr. Facility, No. 2: 21-CV-0456-KJN-P, 2021 WL 1402141, at *2 (E.D. Cal. Apr. 14, 2021) (citing Cantu v. Kings Cty., No. 1:20-CV-00538-NONE-SAB, 2021 WL 411111, at *1-2 (E.D. Cal. Feb. 5, 2021) (discussing split authority in this district)).  This is because the sheriff's department is a subdivision of a local government entity, in this case Solano County.  Nelson v. County of Sacramento, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. Feb. 26, 2013) ("Under § 1983, 'persons' includes municipalities. It does not include municipal departments.").

If plaintiff brings a claim against Solano County in any amended complaint, he will need to meet the standard set forth in Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978) (holding that liability under 42 U.S.C. § 1983 may be imposed on local governments when their official policies or customs cause their employees to violate an individual's constitutional rights).

**Summary and Leave to Amend**

In summary, plaintiff's complaint seeks damages against government officials in an official capacity and therefore fails to state a claim.  Fed. R. Civ. P. 12(b)(6).  However, the court grants plaintiff an opportunity to amend the complaint.  See Lopez, 203 F.3d at 1130-31.  The court informs plaintiff that the following deficiencies should be addressed in any amended complaint: (1) if seeking damages under § 1983, plaintiff must check the "individual capacity"

box under the officers' names on any complaint form, and not the "official capacity" box; (2) plaintiff should indicate whether he was a pretrial detainee or a convicted inmate at the time of the use of force against him; (3) any constitutional claim based on deprivation of medical treatment must be linked to an alleged act or omission by a named defendant; and (4) "Solano County Sheriffs" is not a proper defendant.

## STANDARDS FOR AMENDMENT

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "First Amended Complaint";
ii. be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. use numbered paragraphs;
iv. set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
v. under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);
vi. include a general background facts section to orient the reader only as necessary;
vii. include his statements for jurisdiction, venue, and relief sought as is necessary; and
viii. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

////

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Plaintiff is granted 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
4. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: January 11, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, john.2061