1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JAMES L. JOHNSON JR.,                    No.  2:22–cv–02061–DAD–CKD PS
12                     Plaintiff,              ORDER
13          v.
14   SOLANO COUNTY SHERRIFF, ET AL.,
15                     Defendants.
16
17
18          Plaintiff, who is proceeding without counsel in this action, was granted leave to proceed in
19   forma pauperis ("IFP") on January 11, 2023.[1]  (ECF No. 3.)  The court also granted plaintiff an
20   opportunity to amend his complaint, which alleged excessive force and other constitutional
21   violations against the Solano County Sheriff's Department and Officer Cynthia Hill, Officer
22   Adrian Torres, and Officer Marc Avecilla.  (See ECF Nos. 1, 3.)
23          Plaintiff filed a First Amended Complaint (FAC) on January 26, 2023.  (ECF No. 4.)  As
24   set forth below, the FAC's excessive force claims against Officer Hill, Officer Torres, and Officer
25   Avecilla are sufficiently pled to survive this initial screening inquiry,[2] while other deficiencies

26   _____
   [1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
27   E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.
   [2] The court reserves decision on the merits of plaintiff's claims until the record is sufficiently
28   developed.  This order does not preclude any defendant from challenging plaintiff's complaint

                                            1

1    remain.  As explained in <u>Part IV</u>, below, plaintiff may proceed immediately on the excessive

2    force claims against the named officers, or further amend the complaint to fix the deficiencies

3    identified in this order.

4    **I.**      <u>**Legal Standards**</u>

5       To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

6    assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

7    action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007).  In other words,

8    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

9    statements do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Furthermore, relief

10    cannot be granted for a claim that lacks facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A claim

11    has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

12    reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at

13    678.  When considering whether a complaint states a claim upon which relief can be granted, the

14    court must accept the well-pled factual allegations as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94

15    (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Papasan v.</u>

16    <u>Allain</u>, 478 U.S. 265, 283 (1986).

17       Pleadings by self-represented litigants are liberally construed.  <u>See</u> <u>Haines v. Kerner</u>, 404

18    U.S. 519, 520-21 (1972); <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

19    Unless it is clear that no amendment can cure the defects of a complaint, a self-represented

20    plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before

21    dismissal.  <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other

22    grounds by statute as stated in <u>Lopez</u>, 203 F.3d 1122; <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1230

23    (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment

24    would be futile.  <u>See</u> <u>Cahill v. Liberty Mut. Ins. Co</u>., 80 F.3d 336, 339 (9th Cir. 1996).

25    /////

26    /////

27

28    through a timely motion under Rule 12 or other appropriate method.

1

## II.   **Background**

2      Plaintiff initially filed this action against the Solano County Sheriff's Department, Officer

3   Cynthia Hill, Officer Adrian Torres, and Officer Marc Avecilla in an official capacity.  (ECF No.

4   1 at 2-3.)  Plaintiff alleged that while he was handcuffed at the Stanton Correction Facility in

5   Fairfield, California, he was beaten, uppercut, and spit on, and sustained bruises to his lower

6   torso, legs, and back.  (Id. at 7.)  Plaintiff alleged that he was deprived of medical treatment and is

7   seeking $150,000 in monetary damages for psychological counseling, lost wages, emotional

8   distress, and pain and suffering.  (Id.)

9      In the initial screening order, the court dismissed the complaint with leave to amend and

10   asked plaintiff to clarify his custody status at the time of the alleged use of force in any amended

11   complaint.  (ECF No. 3 at 7.)  The court informed plaintiff that when seeking damages against

12   officers in a § 1983 lawsuit, a plaintiff must bring the suit in an "individual" or "personal"

13   capacity, as opposed to an "official" capacity.  (Id. at 6.)  The court also informed plaintiff that

14   any allegations of deprivation of medical treatment must link an act or omission with a named

15   defendant.  (Id. at 7.)  Finally, the court informed plaintiff that a sheriff's department is not a

16   "person" for purposes of § 1983, and therefore the Solano County Sheriff's Department was not a

17   proper defendant.  (Id. at 7.)[3]

18      On January 26, 2023, plaintiff filed a First Amended Complaint (FAC).  (ECF No. 4.)

19   Plaintiff's FAC alleges Officer Hill beat plaintiff with a nightstick, Officer Torres spit on him,

20   and Officer Avecilla upper-cut him multiple times, resulting in bruises to his lower torso, legs,

21   and back.  (ECF No. 4 at 5, 8.)  Plaintiff's FAC states he was a "pretrial detainee" and that he was

22   "waiting to be sentenced for a firearm and evading police."  (Id. at 8.)  Because individuals

23   awaiting sentencing have necessarily been convicted, the court interprets plaintiff's complaint to

24   mean he was a convicted detainee awaiting sentencing.  Plaintiff's FAC clearly indicates that he

25   is suing defendants Cynthia Hill, Adrian Torres, and Marc Avecilla in an individual capacity.  (Id.

26   at 2-3.)  Plaintiff continues to name Solano County Sheriff's Department as a defendant.  (Id. at

27

28
[3] As discussed in Part II.B., below, the Ninth Circuit has since ruled that sheriff's departments in California are "persons," and thus proper defendants in § 1983 actions.

1.)  As it concerns his allegations of deprivation of medical treatment, plaintiff alleges that the "officers wouldn't let the nurses that work for well pass give [him] any treatment." (Id. at 5.)

### III.   Analysis

A.  Claims against individual officers

1.  Eighth Amendment excessive force claim

Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980).  To state a claim for relief under § 1983, a plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).

Plaintiff's complaint alleges Eighth Amendment excessive force violations against defendants.  In the Ninth Circuit, excessive force claims for individuals who have been convicted but are awaiting sentencing are brought under the Eighth Amendment.  See Norbert v. City & Cnty. of San Francisco, 10 F. 4th 918, 927 (9th Cir. 2021) (for persons "convicted and awaiting sentence," the Eighth Amendment's prohibition of cruel and unusual punishment applies). Because plaintiff was a convicted detainee awaiting sentencing, the Eighth Amendment excessive force standards apply.

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992).  The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to

4

temper the severity of a forceful response.  Id.  While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Id.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment.  Whitley, 475 U.S. at 327.

Here, plaintiff alleges Officer Hill beat plaintiff with a nightstick, Officer Torres spit on him, and Officer Avecilla upper-cut him multiple times, resulting in bruises to his lower torso, legs, and back.  (ECF No. 4 at 5, 8.)  Plaintiff was in handcuffs during at least some of the alleged violations.  (Id. at 8.)   The amount of force described in the complaint appears unreasonable and intended to cause harm, not restore order, regardless of any need for force.  Accordingly, plaintiff has stated a cognizable Eighth Amendment excessive force claim against defendants Cynthia Hill, Adrian Torres, and Marc Avecilla.

### 2.  Deprivation of medical treatment claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's FAC states that the officers "would not let the nurses that work for well pass give [him] any treatment." (ECF No. 4 at 5.)  The complaint does not specify which officers prevented the nurses from providing medical treatment, nor does it provide detail as to how that defendant prevented the nurses from attending to plaintiff.  However, even assuming the officers

named in this suit are those that prevented treatment, and that their response was deliberately indifferent, plaintiff has not alleged injuries that amount to a serious medical need.  See Zoellner v. City of Arcata, F.Supp.3d 2022 WL 602874 *17 (N.D. Cal) (Mar. 1, 2022) (serious medical need found where evidence "suggests more than simple bruising and swelling"); MacFalling v. Nettleton, No. CV 17-02399 SVW (AFM), 2017 WL 3498616, at *7 (C.D. Cal. Aug. 15, 2017) (determining that cuts, abrasions, and swollen hands resulting from overly tight handcuffs did not rise to level of a serious medical need); Telles v. Stanislaus County Sheriff's Dep't, No. 1:10-cv-01911-AWI-JLT, 2011 WL 2036962, at *5 (E.D. Cal. May 24, 2011) (stating that cuts and bruises were not a serious medical need where plaintiff failed to establish the severity of the injuries).  Accordingly, plaintiff does not state a claim under § 1983 for deprivation of medical treatment.

     B.  Claims against the Solano County Sheriff's Department

         1.  Solano County Sheriff's Department is a proper defendant.

In the initial screening order, the court informed plaintiff that the Solano County Sheriff's Department is not a proper defendant, citing a split in authority in the Ninth Circuit regarding whether municipal police departments are "persons" within the meaning of § 1983. (ECF No. 3 at 6.)  However, during the time that has passed since the court issued its initial screening order, the Ninth Circuit issued its decision in Duarte v. City of Stockton, clarifying that municipal police departments and sheriff's departments are "persons" within the meaning of § 1983, and are therefore proper defendants.  No. 21-16929, 2023 WL 2028432, at *6 (9th Cir. Feb. 16, 2023). Accordingly, the Solano County Sheriff's Department is a person within the meaning of § 1983, and therefore a proper defendant.

         2.  Plaintiff's § 1983 claim against the Solano County Sheriff's Department is
            insufficiently pled

Although the Solano County Sheriff's Department is a proper defendant, plaintiff has not properly alleged a claim against it.  A municipality may not be vicariously liable under § 1983 for an injury caused by its employee or agent.  See Monell v. Dep't of Soc. Services of City of New York, 436 U.S. 658, 694 (1978).  However, municipalities may be held liable as "persons" under

1    § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or

2    by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."

3    Monell, 436 U.S. at 694, 98 S. Ct. 2018.  A plaintiff may also establish municipal liability by

4    demonstrating that (1) the constitutional tort was the result of a "longstanding practice or custom

5    which constitutes the standard operating procedure of the local government entity;" (2) the

6    tortfeasor was an official whose acts fairly represent official policy such that the challenged

7    action constituted official policy; or (3) an official with final policy-making authority "delegated

8    that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th

9    Cir. 2008).  Plaintiff's FAC does not allege any injuries that resulted from a longstanding custom,

10    policy, or practice by the Solano County Sheriff.  Accordingly, plaintiff has not properly pled a §

11    1983 claim against the Solano County Sheriff's Department.

12    **IV.    <u>Summary</u>**

13          In summary, the court finds that plaintiff's Eighth Amendment excessive force claims

14    against defendants Cynthia Hill, Adrian Torres, and Marc Avecilla are sufficiently pled such that

15    the complaint survives this initial screening inquiry.  As discussed above, plaintiff has not stated

16    claims for deliberate indifference to a medical need against any defendants, nor has he stated

17    claims against the Solano County Sherriff's Department.  Accordingly, plaintiff may choose to

18    proceed on the Eighth Amendment excessive force claims found cognizable against the named

19    individual officers, or he may elect to cure the defects by filing a second amended complaint.  If

20    plaintiff chooses to proceed on the Eighth Amendment excessive force claims against individual

21    officers, the court will construe this as a request to voluntarily dismiss the additional claims and

22    defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

23          Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

24    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

25    complaint be complete in itself without reference to any prior pleading.  This is because, as a

26    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

27    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

28    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed immediately on the Eighth Amendment excessive force claims against defendants Cynthia Hill, Adrian Torres, and Marc Avecilla, or whether he wants time to file a first amended complaint.

2. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated:  February 28, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. JOHNSON JR., | No.  2:22–cv–02061–DAD–CKD PS |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| SOLANO COUNTY SHERRIFF, et al., | |
| Defendants. | |

**Check only one option:**

_____  Plaintiff wants to proceed immediately on the Eighth Amendment excessive force claims against defendants Cynthia Hill, Adrian Torres, and Marc Avecilla.  Plaintiff voluntarily dismisses the remaining claims and defendant; **OR**

_____  Plaintiff wants time to file a second amended complaint.

DATED:

_____
Plaintiff

9