UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. JOHNSON JR., | No. 2:22–cv–02061–DAD–CKD PS |
| Plaintiff, | ORDER |
| v. | |
| SOLANO COUNTY SHERRIFF, ET AL., | |
| Defendants. | |

Plaintiff, who is proceeding without counsel, filed this action on November 15, 2022.[1] (ECF No. 1.) Plaintiff was granted leave to proceed in forma pauperis ("IFP") on January 11, 2023. (ECF No. 3.) Plaintiff filed a First Amended Complaint (FAC) on January 26, 2023. (ECF No. 4.)

On February 28, 2023, the court found that plaintiff had pled cognizable Eighth Amendment excessive force claims against defendants Cynthia Hill, Adrian Torres, and Marc Avecilla.[2] (ECF No. 5 at 7.) However, the court determined that plaintiff had not stated claims for deliberate indifference to a medical need against any defendants, nor had he stated claims

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

[2] The court reserves decision on the merits of plaintiff's claims until the record is sufficiently developed. This order does not preclude any defendant from challenging plaintiff's complaint through a timely motion under Rule 12 or other appropriate method.

1

against the remaining defendant, the Solano County Sherriff's Department. (Id.) After informing plaintiff of the defects in the FAC, the court gave plaintiff the option of proceeding on the cognizable Eighth Amendment excessive force claims against the named individual officers or curing the defects by filing a second amended complaint. (Id.) The court provided plaintiff a "Notice of Election" form to indicate his choice.³ (ECF No. 5 at 9.)

On March 10, 2023, plaintiff filed his Notice of Election form, requesting that the court proceed on the Eighth Amendment excessive force claims against defendants Cynthia Hill, Adrian Torres, and Marc Avecilla. (ECF No. 6.) Plaintiff requested to voluntarily dismiss the claim for deliberate indifference to a medical need and dismiss Solano County Sherriff's Department as a defendant. (Id.)

Accordingly, the court orders service of process on all named defendants by the U.S. Marshal. See 28 U.S.C. § 1915(d). However, plaintiff must assist in providing the necessary information and materials for the Marshal to effect service on plaintiff's behalf (see paragraphs 5 and 6 below for plaintiff's required next steps).

**ORDER**

IT IS HEREBY ORDERED that:

1. The Solano County Sherriff's Department be dismissed from this action;
2. Service of the complaint is appropriate for the following named defendants:
   (i) Cynthia Hill;
   (ii) Adrian Torres; and
   (iii) Marc Avecilla.
3. The Clerk of Court shall issue forthwith all process pursuant to Federal Rule of Civil Procedure 4 without prepayment of costs. The Clerk shall send to plaintiff:
   (i) one copy of this order;
   (ii) one copy of the court's forthcoming order setting status conference;

---

³ The court's order and Notice of Election form state that electing to proceed on the cognizable Eighth Amendment excessive force claims in lieu of filing a second amended complaint is construed as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i). (ECF No. 5 at 8-9.)

2

|   |   |   |
|---|---|---|
|   | (iii) | a copy of the Magistrate Judge Consent/Decline form for each named defendant; and |
|   | (iv) | a summons and a USM-285 form (with related documents) for each named defendant; |
| 4. | | The Clerk of Court is directed to serve a copy of this order on the U.S. Marshal; |

***Plaintiff's Required Submission of Documents to U.S. Marshal***

5. Within 30 days from the date of this order, plaintiff shall submit to the U.S. Marshal (501 I Street, 5th Floor, Sacramento, CA 95814) the following:
   (i) 3 copies of this order;
   (ii) 3 copies of the court's order setting status conference;
   (iii) 3 copies of the Magistrate Judge Consent/Decline form;
   (iv) A completed summons and completed USM-285 form for each defendant; and
   (v) 3+1 copies of the complaint;
6. Within 10 days of submitting these documents to the U.S. Marshal, plaintiff shall file with the court a statement indicating that the documents have been submitted;

***Marshal's Request for Waiver of Service***

7. Within 14 days of receipt of plaintiff's submitted documents, the U.S. Marshal shall notify each defendant of the commencement of this action and request a waiver of service of summons in accordance with the provisions of Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c);
8. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal within 30 days from the date the request was sent;
    a. Failure to return the signed waiver may subject a defendant to an order to pay service costs under Federal Rule of Civil Procedure 4(d)(2); and
    b. The filing of an answer or a responsive motion does not relieve a defendant of this requirement;
9. The U.S. Marshal shall file returned waivers of service of summons, as well as any

3

requests for waivers that are returned as undelivered, as soon as they are received;

***Marshal's Service of Process***

10. If a defendant does not return a signed waiver of service of summons within 30 days from the date the waiver request was sent, the U.S. Marshal shall:

    a. Within 60 days of the expiration of the waiver deadline, personally serve process—along with a copy of this court's order setting status conference, a Magistrate Judge Consent/Decline form, and a copy of this order—on each of the named defendants in accordance with Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c), and shall command all necessary assistance from any last known employer of a defendant to execute this order. The U.S. Marshal shall maintain the confidentiality of all information so provided pursuant to this order; and

    b. Within 14 days after personal service is effected, file the return of service, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on the defendant. Such costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

11. In the event the U.S. Marshal is unable, for any reason, to effect service on any defendant within this time frame, the Marshal shall report that fact, and the reasons for it, to the undersigned;

**derlined *Miscellaneous Orders***

12. Following service, or waiver of service, defendants shall reply to the complaint within the time provided in Federal Rule of Civil Procedure 12(a); and

13. Failure to comply with this order may result in any appropriate sanctions,

including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Dated: March 20, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, john.2061

5