UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. JOHNSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> SOLANO COUNTY SHERIFF, et al., <br><br> Defendants. | No. 2:22-cv-02061-DAD-CKD PS <br><br><br> ORDER |

    Plaintiff James L. Johnson, Jr., who proceeds without counsel, initiated this action with a complaint filed on November 15, 2022. On July 31, 2024, Defendants Cynthia Hill, Adrian Torres, and Marc Avecilla filed a motion for summary judgment and noticed the motion for a hearing to take place on September 4, 2024, before the undersigned.[1] (ECF No. 24.) On August 1, 2024, on the court's own motion, the hearing was reset for September 11, 2024. (ECF No. 25.)

    Under the court's Local Rules, plaintiff was to respond to the motion no less than 14 days after the motion was filed. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days after the motion was filed."). Plaintiff failed to do so.

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

"Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. Local Rule 183(a) provides, in relevant part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing [without counsel]. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Plaintiff's failure to respond to the pending motion for summary judgment is a violation of Local Rules 110, 183(a), and 230(c). However, the court will not recommend dismissal at this time. Instead, the court provides one final opportunity for plaintiff to respond to the pending motion for summary judgment by the due date below. Any further failure to respond will be

construed as non-opposition and will constitute additional grounds for dismissal under Rule 41(b).

Local Rule 230(c) states "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party...." Accordingly, the hearing on the motion is vacated, and after expiration of the due dates below, the court will decide the motion on the record and written briefing only.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing set for September 11, 2024, on Defendants' motion for summary judgment (ECF No. 24) is VACATED;

2. Plaintiff shall file a written opposition (or a statement of non-opposition) to the pending motion for summary judgment within 14 days after service of this order. Failure to do so will be deemed a statement of non-opposition and consent to the granting of the motion, and may constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

3. Defendants may file written replies to plaintiff's opposition within 10 days of plaintiff's filing. The court will take these matters under submission after this briefing schedule concludes.

Dated: August 26, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, john2061.22