1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES L. JOHNSON, JR,                    No. 2:22-cv-02061-DAD-CKD PS

12                  Plaintiff,                ORDER AND FINDINGS &
                                              RECOMMENDATIONS
13          v.

14   SOLANO COUNTY SHERIFF, et al.,

15                  Defendants.

16   JAMES L. JOHNSON, JR,                    No. 2:22-cv-02220-DAD-CKD P

17                  Plaintiff,

18          v.

19   SOLANO COUNTY SHERIFF, et al.,

20                  Defendants.

21

22          Plaintiff James L. Johnson, Jr. proceeds pro se.[1]  On July 21, 2023, the Court issued an

23   order reassigning case 2:22-cv-02220 KJM JDP to District Judge Dale A. Drozd and Magistrate

24   Judge Carolyn K. Delaney, and renaming the case 2:22-cv-02220 DAD CKD P.  (ECF No. 13.)

25   The order consolidated case 2:22-cv-02220 DAD CKD P with case 2:22-cv-02061 DAD CKD.

26   Case 2:22-cv-02061 DAD CKD is the lead case, and case 2:22-cv-02220 DAD CKD P is the

27   _____

28   [1]  This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal.
     Local Rule 302(c)(21).

                                              1

1   member case.  The pleading for the member case is found on the docket for that case, however

2   that case was administratively closed.  (ECF No. 13.)

3        In the July 21, 2023 order consolidating the cases, the lead case was referred back to the

4   undersigned for further proceedings, "in particular, for purposes of addressing defendants'

5   pending motion to dismiss in the member case." (*Id.*)  A review of the docket in both cases

6   shows that defendants' pending motion to dismiss in the member case (Member Case ECF No. 3)

7   has not been addressed.  Accordingly, the Court will address defendants Marc Avecilla, Cynthia

8   Hill, and Adrian Torres' motion for summary judgment in the lead case (ECF No. 24) and

9   defendants Cynthia Hill, Marc Avecilla, Adrian Torres, and Solano County Sheriff's motion to

10  dismiss in the member case (Member Case ECF No. 3).

11  **I.    Defendants' Motion for Summary Judgment in Case 2:22-cv-02061 DAD CKD (ECF**

12        **No. 24)**

13        On January 26, 2023, plaintiff filed his first amended complaint ("FAC").  (ECF No. 4.)

14  On July 31, 2024, defendants Avecilla, Hill, and Torres filed a motion for summary judgment

15  pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (ECF No. 24.)  Plaintiff did not file

16  an opposition, and the Court issued an order on August 26, 2024 directing plaintiff to file a

17  written opposition (or a statement on non-opposition) to the pending motion for summary

18  judgment within fourteen (14) days after service of the order.  (ECF No. 26.)  In that same order,

19  plaintiff was warned that his failure to file an opposition or statement of non-opposition would be

20  deemed as consent to the granting of the motion, and may constitute an additional ground for the

21  imposition of appropriate sanctions, including a recommendation that plaintiff's entire case be

22  involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (*Id.*)

23        On that same day, plaintiff filed a notice of change of address, and informed the Court that

24  he is currently incarcerated in Merced County Jail awaiting to go to prison.  (ECF No. 27.)  The

25  August 26, 2024 order was re-served on plaintiff at the new address he provided to the Court.

26  Well over fourteen days has passed and plaintiff has not responded to the Court's order.

27        "District courts have inherent power to control their dockets" and, in exercising that

28  power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth. of*

1    *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a

2    party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g.,*

3    *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a

4    court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir.

5    1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,

6    1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

7        In determining whether a dismissal is appropriate, the court considers five factors.  *Ferdik*,

8    963 F.2d at 1260-61.  These factors include: "(1) the public's interest in expeditious resolution of

9    litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

10    (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

11    drastic alternatives."  *Id.* (citation omitted)

12        Here, in determining whether to recommend that this action be dismissed, the Court

13    considered the five factors set forth above.  The first two factors strongly support dismissal of this

14    action.  The action has been pending for over two years and has reached the stage, set by the

15    Court's January 18, 2024 scheduling order, for resolution of dispositive motions and, if necessary,

16    preparation for pretrial conference and jury trial.  (*See* ECF No. 22.)  Plaintiff's failure to comply

17    with the Local Rules and the Court's August 26, 2024 order suggests that he abandoned this

18    action and that further time spent by the Court thereon will consume scarce judicial resources in

19    addressing litigation which plaintiff demonstrates no intention to pursue.

20        Under the circumstances of this case, the third factor, prejudice to defendants from

21    plaintiff's failure to oppose the motion, is neutral.  While plaintiff's failure to oppose the motion

22    could delay resolution of this action, and a presumption of injury arises from the unreasonable

23    delay in prosecuting an action, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976),

24    plaintiff was also warned that the failure to oppose the motion could result in granting the motion

25    and dismissal of the action, which would not prejudice defendants.

26        The fourth factor, public policy favoring disposition of cases on their merits, weighs

27    against dismissal of this action as a sanction.

28        The fifth factor favors dismissal.  The Court advised plaintiff of the requirements under

3

1  the Local Rules and granted ample additional time to oppose the pending motion, all to no avail.

2  The Court finds no suitable alternative to dismissal of this action.

3        Therefore, it is recommended that plaintiff's claim against defendants in the lead case be

4  dismissed and defendants' motion for summary judgment be denied as moot.

5  **II.  Defendants' Motion to Dismiss in Member Case 2:22-cv-02220 DAD CKD P**

6       **(Member Case ECF No. 3)**

7        On December 14, 2022, defendants Hill, Avecilla, Torres, and Solano County Sheriff

8  ("Member Case defendants") removed this case to this Court.  (Member Case ECF No. 1.)  On

9  December 15, 2024, the Member Case defendants filed a motion to dismiss.  (Member Case ECF

10 No. 3.)  On March 7, 2023, it was recommended that the case be dismissed for failure to

11 prosecute because plaintiff did not file an opposition or statement of non-opposition to the

12 Member Case defendants' motion to dismiss.  (Member Case ECF No. 8; *see* Member Case ECF

13 No. 7.)  On March 17, 2023, the Court vacated the findings and recommendations, and

14 recommended that the action be dismissed as duplicative of the lead case.  (Member Case ECF

15 No. 9.)  On July 11, 2023, the assigned District Judge declined to adopt the findings and

16 recommendations (Member Case ECF No. 9) and ordered the parties to file a joint status report

17 about whether the member case should be consolidated with the lead case.  (ECF No. 11.)  On

18 July 21, 2023, the cases were consolidated, the member case was administratively closed, and the

19 case was referred back to the undersigned for further proceedings "in particular, for purposes of

20 addressing defendants' pending motion to dismiss in the member case."  (ECF No. 13.)

21       A review of the docket indicates that no action was taken regarding the Member Case

22 defendants' motion to dismiss.  Accordingly, the Court will provide plaintiff with one final

23 opportunity to oppose the Member Case defendants' motion to dismiss in case 2:22-cv-02220

24 DAD CKD P.  Failure to respond will be construed as non-opposition and will constitute grounds

25 for dismissal under Federal Rule of Civil Procedure Rule 41(b).  *See Malone*, 833 F.2d at 130-31;

26 *Henderson*, 779 F.2d at 1424.

27 ////

28 ////

**III.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff shall file a written opposition (or statement of non-opposition) to the Member
    Case defendants' motion to dismiss (Member Case ECF No. 3) in case 2:22-cv-02220
    DAD CKD P within fourteen (14) days from the date of this order.  Failure to do so
    will be deemed a statement of non-opposition and consent to the granting of the
    motion, and may constitute an additional ground for the imposition of appropriate
    sanctions, including a recommendation that plaintiff's entire case be involuntarily
    dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

2.  Defendants may file written replies to plaintiff's opposition within ten (10) days of
    plaintiff's filing.

Further, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's claims against defendants in case 2:22-cv-02061 DAD CKD be dismissed
    pursuant to Federal Rule of Civil Procedure 41(b); and

2.  Defendants' motion for summary judgment in case 2:22-cv-02061 DAD CKD (ECF
    No. 24) be denied as moot.

These findings and recommendations are submitted to the United States District Judge
assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
after being served with these findings and recommendations, any party may file written
objections with the court and serve a copy on all parties.  Such a document should be captioned
"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
objections shall be filed and served within fourteen days after service of the objections.  The
parties are advised that failure to file objections within the specified time may waive the right to
appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez
v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  02/13/25

5, john.2061.22.msj.no.oppo

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE