UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. JOHNSON, JR, | No. 2:22-cv-02061-DAD-CKD PS |
| Plaintiff, | ORDER AND FINDINGS & RECOMMENDATIONS ON DEFENDANTS' MOTION TO DISMISS |
| v. | |
| SOLANO COUNTY SHERIFF, et al., | (ECF No. 3) |
| Defendants. | |
| JAMES L. JOHNSON, JR, | No. 2:22-cv-02220-DAD-CKD P |
| Plaintiff, | |
| v. | |
| SOLANO COUNTY SHERIFF, et al., | |
| Defendants. | |

Plaintiff James L. Johnson, Jr. proceeds pro se.[1] On July 21, 2023, the Court issued an order reassigning case 2:22-cv-02220 KJM JDP to District Judge Dale A. Drozd and Magistrate Judge Carolyn K. Delaney, and renaming the case 2:22-cv-02220 DAD CKD P. (ECF No. 13.) The order consolidated case 2:22-cv-02220 DAD CKD P with case 2:22-cv-02061 DAD CKD. Case 2:22-cv-02061 DAD CKD is the lead case, and case 2:22-cv-02220 DAD CKD P is the

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

1    member case. The pleading for the member case is found on the docket for that case, however

2    that case was administratively closed. (ECF No. 13.) On February 13, 2025, member case 2:22-

3    cv-02220 DAD CKD P was reopened.

4        On December 14, 2022, defendants Hill, Avecilla, Torres, and Solano County Sheriff

5    ("Member Case defendants") removed member case 2:22-cv-02220 to this Court. (Member Case

6    ECF No. 1.) On December 15, 2024, the Member Case defendants filed a motion to dismiss.

7    (Member Case ECF No. 3.) On March 7, 2023, it was recommended that the case be dismissed

8    for failure to prosecute. (Member Case ECF No. 8.) On March 17, 2023, the Court vacated the

9    findings and recommendations, and recommended that the action be dismissed as duplicative of

10   the lead case. (Member Case ECF No. 9.) On July 11, 2023, the assigned District Judge declined

11   to adopt the findings and recommendations (Member Case ECF No. 9) and ordered the parties to

12   file a joint status report about whether the member case should be consolidated with the lead case.

13   (Member Case ECF No. 11.) On July 21, 2023, the cases were consolidated, the member case

14   was administratively closed, and the case was referred back to the undersigned for further

15   proceedings "in particular, for purposes of addressing defendants' pending motion to dismiss in

16   the member case." (ECF No. 13.) A review of the docket showed that no action had been taken

17   regarding the Member Case defendants' motion to dismiss. On February 13, 2025, plaintiff was

18   given another opportunity to respond to defendants' motion to dismiss, and was warned that

19   failure to respond will be construed as non-opposition to defendants' motion to dismiss and will

20   constitute grounds for dismissal. (ECF No. 31; Member Case ECF No. 15.) Plaintiff has not

21   responded to defendants' motion to dismiss. Thus, the court RECOMMENDS dismissal of

22   plaintiff's claims against defendants in 2:22-cv-02220 DAD CKD P for failure to prosecute.

23   **Legal Standard**

24       Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

28   *See also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same

rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. *See, e.g., Ferdik*, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Id.* at 1260-61; *accord Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002).

**Analysis**

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare its defense. With the passage of time, witnesses' memories fade and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. Specifically, the court, cognizant of plaintiff's pro se status, issued an order giving plaintiff another opportunity to respond to defendant's motion to dismiss. In this order, the court warned plaintiff that further failure to respond to defendants' motion will be construed as non-opposition to the motion and will constitute a ground for dismissal. (ECF No. 31 at 4; Member Case ECF No. 15 at 4.)

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other *Ferdik* factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after carefully evaluating the *Ferdik* factors, the court concludes that dismissal is appropriate.

## **RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's claims against defendants in case 2:22-cv-02220 DAD CKD be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b);
2. Defendants' motion to dismiss (Member Case ECF No. 3) be denied as moot; and
3. The Clerk of Court be directed to CLOSE cases 2:22-cv-02220 DAD CKD P and 2:22-cv-02061 DAD CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

////

**ORDER**

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

Dated: March 7, 2025

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, john.2220.22